UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION
Case No.: _______________

| | |
|---|---|
| VALERIA UGAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ENVOY AIR INC. f/k/a American Eagle Airlines, Inc., a Delaware corporation, | ) |
| | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff VALERIA UGAS (the "Plaintiff") sues defendant ENVOY AIR INC. f/k/a American Eagle Airlines, Inc., a Delaware corporation (the "Defendant") and alleges:

## I. JURISDICTION

1. Plaintiff brings this action pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. ("ADA"); the Florida Civil Rights Act, § 760.10, Fla. Stat. et seq. ("FCRA"); the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 et seq. ("FMLA"); and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(3) and (4), 29 U.S.C. § 2617, and 42 U.S.C. § 2000e-5(f)(3), as this civil



THE SAENZ LAW FIRM PA (WWW.LEGALOPINIONUSA.COM)
20900 NE 30th Avenue, Suite 200-23 Telephone: 305.482.1475
Aventura, Florida 33180 www.Cash4myCase.com

action arises under the laws of the United States and alleges violations of Plaintiff's rights under the ADA, FMLA, and Title VII, with supplemental jurisdiction over Plaintiff's claims arising under Florida law pursuant to 28 U.S.C. § 1367.

2. This is an action for damages that exceed $50,000.00 exclusive of interest, attorneys' fees and costs.

3. This Court has supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367(a) because those claims form part of the same case or controversy under Article III of the United States Constitution. Plaintiff's state law claims share all common operative facts with their federal law claims, and the parties are identical. Resolving Plaintiff's federal and state claims in a single action serves the interests of judicial economy, convenience, consistency, and fairness to the parties.

## II. VENUE

4. Defendant, ENVOY AIR INC, is a corporation duly authorized to conduct business in the State of Florida and doing business in Lee County, Florida.

5. Plaintiff is a resident of Lee County, Florida, within the jurisdiction of this Honorable Court.

6. The acts or omissions giving rise to this Complaint occurred in whole or in part in Fort Myers, Lee County, Florida.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within this judicial district, including at Defendant's place of business located at 11000 Terminal Access Road, Fort Myers, Florida 33913.

8. Venue is further proper because Plaintiff's employment records were maintained and/or administered in this judicial district.

## III. GENERAL ALLEGATIONS COMMON TO ALL COUNTS

9. At all times material, Plaintiff was employed by Defendant, as an Agent Ramp from approximately September 23, 2024, until her wrongful termination on or about January 28, 2026.

10. Throughout her employment, Plaintiff performed her job duties in a satisfactory manner and was capable of performing the essential functions of her position. Plaintiff was not subjected to disciplinary action for poor job performance.

11. During her employment, Plaintiff became pregnant and timely notified Defendant of her pregnancy in or about March 2025.

12. During her pregnancy, Plaintiff experienced medical complications, including a high-risk pregnancy, and underwent gallbladder surgery in or about June 2025.



**THE SAENZ LAW FIRM PA (WWW.LEGALOPINIONUSA.COM)**

20900 NE 30th Avenue, Suite 200-23 Telephone: 305.482.1475
Aventura, Florida 33180 www.Cash4myCase.com

13. As a result of her medical condition and complications associated with her pregnancy and surgery, Plaintiff experienced physical limitations that rendered her disabled or made Defendant regard Plaintiff as disabled. Plaintiff required modified work duties.

14. Although Defendant purportedly placed Plaintiff on "light duty," the duties assigned to Plaintiff remained physically demanding and included work on aircraft. Specifically, Defendant assigned Plaintiff to service Planes during the day shift. This assignment involved continuous incoming flights and a heavier workload than the night shift.

15. Plaintiff requested a transfer to the night shift on or about August 5, 2025, because of her physical limitations and the less physically demanding nature of the night shift; however, Defendant ignored her request. Plaintiff continued to request the change in shift throughout her employment but it was always ignored.

16. On or about August 6, 2025, Plaintiff was hospitalized due to complications associated with her high-risk pregnancy. Despite Defendant's knowledge of Plaintiff's medical condition and hospitalization, Defendant assessed attendance points against Plaintiff during this period, including on or about August 8, 2025.



THE SAENZ LAW FIRM PA (WWW.LEGALOPINIONUSA.COM)

20900 NE 30th Avenue, Suite 200-23 Telephone: 305.482.1475
Aventura, Florida 33180 www.Cash4myCase.com

17. Upon information and belief, Brianna Perea and Nicole Bravo, who held the same Agent Ramp position as Plaintiff and were similarly situated to her in material respects, were not pregnant and did not experience the pregnancy-related medical complications, childbirth, postpartum recovery, or caregiving circumstances experienced by Plaintiff, nor were they subjected to the same adverse treatment by Defendant.

18. On or about August 15, 2025, Plaintiff prematurely gave birth to her daughter. Following the premature birth, Plaintiff's daughter remained in the Neonatal Intensive Care Unit ("NICU") for approximately four months and required extensive medical care, therapy, and subsequent hospitalizations. Plaintiff's daughter had a serious medical condition.

19. Plaintiff also required a period of maternity leave and postpartum recovery following childbirth.

20. Plaintiff timely notified Defendant of her need for leave and absences associated with her pregnancy, childbirth, postpartum recovery, and her daughter's serious medical condition.

21. At all times relevant, Defendant knew of Plaintiff's disability or perceived disability, of Plaintiff's serious medical condition, and of Plaintiff's daughter's serious medical condition.



THE SAENZ LAW FIRM PA (WWW.LEGALOPINIONUSA.COM)

20900 NE 30th Avenue, Suite 200-23 Telephone: 305.482.1475
Aventura, Florida 33180 www.Cash4myCase.com

22. Plaintiff's daughter's serious medical condition also qualified her as a disability, or Defendant regarded Plaintiff's daughter's serious medical condition as a disability.

23. During her pregnancy, Plaintiff experienced a high-risk pregnancy that substantially limited her ability to perform certain major life activities. Plaintiff was medically restricted from lifting more than twenty-five (25) pounds and from going up and down stairs due to her medical condition and pregnancy-related complications. These restrictions significantly affected Plaintiff's ability to perform physical tasks required in her daily life and at work, including lifting and repeatedly using stairs. As a result, Plaintiff required modified work duties and requested a transfer to the night shift because the day-shift assignment required her to perform more physically demanding work. Plaintiff nevertheless continued working despite these limitations.

24. Plaintiff's daughter was born prematurely at approximately twenty-four (24) weeks of gestation and suffered significant medical complications, including underdeveloped lungs that prevented her from breathing independently, gastrointestinal problems, and a neurological event described to Plaintiff as a mini-stroke. She required supplemental oxygen, feeding through a gastric tube, frequent blood tests, MRI studies, and ongoing ophthalmological and



THE SAENZ LAW FIRM PA (WWW.LEGALOPINIONUSA.COM)
20900 NE 30th Avenue, Suite 200-23 Telephone: 305.482.1475
Aventura, Florida 33180 www.Cash4myCase.com

other medical care. Her medical conditions substantially limited major life activities, including breathing, eating, and neurological and bodily functions, and required extensive and ongoing medical care. Plaintiff was required to devote substantial time to her daughter's care and to express breast milk daily for her daughter's feeding.

25. Plaintiff complied with Defendant's attendance procedures by providing advance notice of absences when required and providing Defendant with medical documentation concerning her own medical condition and her daughter's medical needs.

26. Despite Defendant's knowledge of these circumstances and, at various times, having excused Plaintiff's absences, Defendant continued to assess attendance points against Plaintiff for absences related to her pregnancy, postpartum recovery, and the medical care of her daughter. Defendant maintained an attendance record that Plaintiff contends improperly included protected and/or excused absences.

27. Plaintiff is aware of other employees who accumulated more than nine attendance points but were not terminated from employment. Upon information and belief, Defendant did not apply its attendance policy consistently

to similarly situated employees, and Plaintiff was subjected to more severe treatment.

28. On or about January 14, 2026, shortly before her termination, Plaintiff's supervisor imposed a thirty-day restriction on Plaintiff's ability to change shifts, which further limited her ability to manage her work schedule while caring for her medically fragile daughter. Plaintiff was also placed in situations in which she reported to work but was not included on Defendant's schedule, further affecting her attendance record.

29. On or about January 28, 2026, Defendant terminated Plaintiff's employment, allegedly because she had accumulated too many attendance points. Plaintiff disputes that the stated reason for her termination was legitimate and nondiscriminatory. The attendance points relied upon by Defendant were, in substantial part, connected to circumstances arising from Plaintiff's pregnancy, childbirth, medical conditions, postpartum recovery, and/or her need to care for her daughter during serious medical emergencies.

30. Defendant knew of Plaintiff's pregnancy, medical limitations, hospitalization, childbirth, postpartum recovery, and her daughter's serious medical condition and medical needs. Defendant also knew that Plaintiff had

requested and/or taken leave and absences related to these circumstances and had received medical documentation supporting the same.

31. Defendant's actions, including its failure to provide effective accommodation, assignment of physically demanding duties despite Plaintiff's limitations, failure to meaningfully address Plaintiff's shift-change request, assessment of attendance points, and ultimate termination of Plaintiff's employment, were motivated, at least in part, by discriminatory and/or retaliatory animus based upon Plaintiff's pregnancy, disability, perceived disability, her daughter's serious medical condition, her daughter's disability or perceived disability, and/or exercise of rights protected by applicable federal and state law.

32. Although Defendants granted Plaintiff limited FMLA leave regarding her own serious medical condition, Defendant failed to grant Plaintiff all of the FMLA leave she was entitled to and completely failed to even address Plaintiff's entitlement to FMLA resulting from her daughter's serious medical condition.

33. Defendant did not like that Plaintiff engaged in protected activity when she requested disability-related accommodations, when she took FMLA leave, when Plaintiff requested additional FMLA leave, and when it learned about Plaintiff's daughter's disability or serious medical condition, which could potentially entitle Plaintiff to additional FMLA leave.



THE SAENZ LAW FIRM PA (WWW.LEGALOPINIONUSA.COM)
20900 NE 30th Avenue, Suite 200-23 Telephone: 305.482.1475
Aventura, Florida 33180 www.Cash4myCase.com

34. Subject to discovery, Plaintiff, at all times relevant, had not used all FMLA leave to which she was entitled under the law.

35. All conditions precedent to bringing this action have occurred, been performed or been excused.

36. The Plaintiff has retained the undersigned counsel in order that her rights and interests may be protected. The Plaintiff has become obligated to pay the undersigned a reasonable attorneys' fee.

## COUNT I: PREGNANCY DISCRIMINATION (DISPARATE TREATMENT) – TITLE VII

37. The Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-36 above as if set out in full herein.

38. At all times pertinent hereto, the Defendant has been engaged in an industry affecting commerce and has had 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding year.

39. At all times material, the Defendant was a "person" and an "employer" as defined by 29 U.S.C. § 630.

40. The Plaintiff has complied with all conditions precedent in filing this action, to wit:

a. The Plaintiff timely filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission, Miami District Office;

b. More than 180 days have passed since the filing of the Plaintiff's charge of discrimination; and

c. The Plaintiff is filing this action within 90 days of receipt of a Notice of Right to Sue.

41. Any other applicable conditions precedent to bringing this action have occurred, been performed or been excused before the filing of this lawsuit.

42. Plaintiff was pregnant during her employment with Defendant and timely informed Defendant of her pregnancy.

43. Defendant subjected Plaintiff to adverse employment actions and disparate treatment because of her pregnancy or pregnancy-related symptoms, including, but not limited to, failing to provide meaningful modified duty, requiring Plaintiff to perform physically demanding work despite her medical limitations, failing to meaningfully accommodate her request for a shift change, assessing attendance points in connection with circumstances arising from her pregnancy and childbirth, and ultimately terminating her employment.

44. Upon information and belief, Brianna Perea and Nicole Bravo, who held the same Agent Ramp position as Plaintiff and were similarly situated to her

in material respects, were not pregnant and did not experience the pregnancy-related medical circumstances experienced by Plaintiff, nor were they subjected to the same adverse treatment by Defendant.

45. Plaintiff's pregnancy was a motivating factor in Defendant's decision to subject her to disparate treatment and adverse employment actions.

46. The Plaintiff's pregnancy was a motivating factor that caused the Defendant to discriminate against the Plaintiff.

47. The Plaintiff sustained emotional suffering and injury attributable to the discrimination.

48. The Defendant acted with malice and with reckless indifference to the Plaintiff's civil rights and emotional and physical well-being.

**WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court:

a. Issue an order enjoining Defendant from engaging in further discrimination against Plaintiff on the basis of pregnancy.

b. Issue an order requiring Defendant to take appropriate steps to prevent pregnancy discrimination against Plaintiff and other similarly situated employees.

c. Order reinstatement of Plaintiff to the position she would occupy, with all benefits she would have received, if she had not suffered the adverse employment actions attributable to Defendant's pregnancy discrimination, or award Plaintiff front pay in an amount to be determined at trial if reinstatement is determined to be impractical.



THE SAENZ LAW FIRM PA (WWW.LEGALOPINIONUSA.COM)
20900 NE 30th Avenue, Suite 200-23 Telephone: 305.482.1475
Aventura, Florida 33180 www.Cash4myCase.com

d. Award the Plaintiff back pay, including overtime pay, pension benefits, and other employment benefits which would have accrued if the Plaintiff's employment had not been terminated.

e. Award the Plaintiff compensatory damages for her/his emotional suffering.

f. Award the Plaintiff punitive damages.

g. Award the Plaintiff attorneys' fees, including expert witness fees, pursuant to 42 U.S.C.A. § 2000e-5(k).

h. Award the Plaintiff costs, interest, and such other relief as this Court may deem proper.

**COUNT II: PREGNANCY DISCRIMINATION (RETALIATION) – TITLE VII**

49. The Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-36 above as if set out in full herein.

50. At all times pertinent hereto, the Defendant has been engaged in an industry affecting commerce and has had 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding year.

51. At all times material, the Defendant was a "person" and an "employer" as defined by 29 U.S.C. § 630.

52. The Plaintiff has complied with all conditions precedent in filing this action, to wit:

a. The Plaintiff timely filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission, Miami District Office;

b. More than 180 days have passed since the filing of the Plaintiff's charge of discrimination;

c. The Plaintiff is filing this action within 90 days of receipt of a Notice of Right to Sue.

53. Any other applicable conditions precedent to bringing this action have occurred, been performed or been excused before the filing of this lawsuit.

54. Plaintiff engaged in protected activity by notifying Defendant of her pregnancy-related medical limitations and requesting an accommodation, including a transfer to the night shift, due to those limitations.

55. Plaintiff also engaged in protected activity by requesting approved leave as an accommodation to treat her newly born daughter and to treat her own disability or serious medical condition.

56. Defendant was aware of Plaintiff's protected activities and thereafter subjected Plaintiff to adverse employment actions, including assessing attendance points and ultimately terminating her employment on or about January 28, 2026.

57. The close temporal and factual relationship between Plaintiff's requests for accommodation, Defendant's subsequent adverse treatment, and Plaintiff's termination supports a causal connection between Plaintiff's protected activity and the adverse employment actions.



THE SAENZ LAW FIRM PA (WWW.LEGALOPINIONUSA.COM)
20900 NE 30th Avenue, Suite 200-23 Telephone: 305.482.1475
Aventura, Florida 33180 www.Cash4myCase.com

58. Defendant's stated reason for Plaintiff's termination, including its reliance on accumulated attendance points, was pretextual and was used, at least in part, to retaliate against Plaintiff for engaging in protected activity.

59. The Plaintiff sustained emotional suffering and injury attributable to the retaliation.

60. The Defendant acted with malice and with reckless indifference to the Plaintiff's civil rights and emotional and physical well-being.

**WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court:

a. Issue an order enjoining the Defendant to cease and desist from the conduct described in Count II of this Complaint and from harassing the Plaintiff in any manner whatsoever.

b. Issue an order requiring the Defendant to take steps to protect the Plaintiff and other similarly situated employees from the type of conduct described in Count II of this Complaint, and from all other forms of discrimination in the future.

c. Issue an order requiring the Defendant to adopt and disseminate a policy protecting employees from discrimination in the workplace and establishing reasonable and adequate procedures for investigating complaints of pregnancy discrimination and taking suitable remedial action.

d. Order reinstatement of the Plaintiff in the position she would occupy and with all the benefits she would have if she had not suffered adverse employment action attributable to pregnancy discrimination or award the Plaintiff front pay in an amount to be determined at trial if reinstatement is determined at trial to be impractical.



THE SAENZ LAW FIRM PA (WWW.LEGALOPINIONUSA.COM)

20900 NE 30th Avenue, Suite 200-23 Telephone: 305.482.1475
Aventura, Florida 33180 www.Cash4myCase.com

e. Award the Plaintiff back pay, including overtime pay, pension benefits, and other employment benefits which would have accrued if the Plaintiff's employment had not been terminated.

f. Award the Plaintiff compensatory damages for her emotional suffering.

g. Award the Plaintiff punitive damages.

h. Award the Plaintiff attorneys' fees, including expert witness fees, pursuant to 42 U.S.C.A. § 2000e-5(k).

i. Award the Plaintiff costs, interest, and such other relief as this Court may deem proper.

## COUNT III: INTERFERENCE (TERMINATION) – FMLA

61. The Plaintiff repeats and re-alleges paragraphs 1-36 as if fully stated herein.

62. At all times material to this Complaint, the Plaintiff was an "eligible employee" as defined by the FMLA, 29 U.S.C. § 2611(2)(A).

63. The Plaintiff worked for the Defendant for at least 12 months before taking any unused FMLA leave.

64. The Plaintiff worked for the Defendant for at least 1,250 hours before taking any unused FMLA leave.

65. The Plaintiff was entitled to FMLA leave because she had FMLA-qualifying reasons, including the birth of her child, her own serious health condition and postpartum recovery, the serious medical condition of her newly

born daughter, who suffered serious medical complications following her premature birth and required extensive medical care.

66. At all times material, the Defendant was an "employer" as defined by 29 U.S.C. § 2611(4).

67. The Defendant was both engaged in commerce or in an industry or activity affecting commerce and employed more than 50 employees for each working day during each of 20 or more calendar weeks in each calendar year relevant hereto.

68. At all times material, the Plaintiff gave proper notice to the Defendant by informing the Defendant of her pregnancy, childbirth, medical condition, need for maternity leave, and need for absences related to her daughter's serious medical condition.

69. The Plaintiff provided enough information for the Defendant to know that her leave and absences may be covered by the FMLA.

70. The Defendant was aware of the Plaintiff's FMLA-qualifying reasons and her need for leave and absences.

71. At all times material hereto, the Plaintiff communicated with the Defendant regarding her medical condition, her daughter's medical condition,



THE SAENZ LAW FIRM PA (WWW.LEGALOPINIONUSA.COM)
20900 NE 30th Avenue, Suite 200-23 Telephone: 305.482.1475
Aventura, Florida 33180 www.Cash4myCase.com

and her need for leave and absences, and provided supporting medical documentation.

72. Despite its knowledge of the Plaintiff's FMLA-qualifying circumstances, the Defendant failed to properly notify the Plaintiff of her eligibility status to unused FMLA leave and failed to properly notify the Plaintiff whether her unused leave was or could be designated as FMLA leave.

73. Defendant terminated Plaintiff's employment on or about January 28, 2026.

74. Instead of properly recognizing and protecting Plaintiff's FMLA-protected leave and absences, Defendant treated Plaintiff's absences as attendance violations and assessed attendance points against her.

75. When Defendant terminated Plaintiff's employment, Defendant interfered with Plaintiff's rights to take leave under the FMLA and denied her the benefits to which she was entitled.

**WHEREFORE**, the Plaintiff requests that this Honorable Court:

a. Enter judgment in the Plaintiff's favor and against the Defendant for its violations of the FMLA;

b. Award the Plaintiff actual damages suffered, including back pay, front pay, loss of benefits, future pecuniary loss, lost future earnings capacity;

c. Award the Plaintiff liquidated damages based on Defendant's conduct;

d. Award the Plaintiff prejudgment interest on her damages award;

e. Award the Plaintiff reasonable costs and attorneys' fees;

f. Award the Plaintiff any further relief pursuant to the FMLA; and,

g. Grant the Plaintiff such other and further relief as this Court deems equitable and just.

**COUNT IV: RETALIATION (FMLA)**

76. The Plaintiff repeats and re-alleges paragraphs 1-36 as if fully stated herein.

77. At all times material to this Complaint, the Plaintiff was an "eligible employee" as defined by the FMLA, 29 U.S.C. § 2611(2)(A).

78. The Plaintiff worked for the Defendant for at least 12 months before the date any FMLA leave was to begin.

79. The Plaintiff was entitled to FMLA and took FMLA leave because she had FMLA-qualifying reasons, including the birth of her child, her own serious health condition and postpartum recovery, and the care of her daughter, who suffered serious medical complications following her premature birth and required extensive medical care.

80. At all times material, the Defendant was an "employer" as defined by 29 U.S.C. § 2611(4).

81. The Defendant was both engaged in commerce or in an industry or activity affecting commerce and employed more than 50 employees for each



THE SAENZ LAW FIRM PA (WWW.LEGALOPINIONUSA.COM)
20900 NE 30th Avenue, Suite 200-23 Telephone: 305.482.1475
Aventura, Florida 33180 www.Cash4myCase.com

working day during each of 20 or more calendar weeks in each calendar year relevant hereto.

82. At all times material, the Plaintiff gave proper notice to the Defendant by informing the Defendant of her qualifying medical and family circumstances and her need for leave.

83. The Defendant terminated the Plaintiff following her leave under the FMLA and after Plaintiff requested leave which would have qualified as FMLA leave because it related to Plaintiff's own serious medical condition or Plaintiff's daughter's medical condition and Plaintiff qualified for additional leave under the FMLA.

84. The Defendant has intentionally engaged in unlawful employment practices in violation of the FMLA, by retaliating against the Plaintiff for having requested and taken FMLA-protected leave and/or exercised rights protected by the FMLA.

85. The Plaintiff's requesting and taking of FMLA-protected leave and/or exercising her rights under the FMLA was a direct and proximate cause of her termination from her employment with the Defendant.

86. The effect of the practice complained of above has been to deprive the Plaintiff of her rights and benefits under the FMLA and, ultimately, her employment, because she exercised rights protected by the FMLA.

87. As a direct and proximate result of the intentional violations by the Defendant of the Plaintiff's rights under the FMLA, by retaliating against her by terminating her employment for having requested and/or taken FMLA-protected leave, the Plaintiff has been damaged in that the Plaintiff lost, inter alia, wages, other compensation, and benefits, including health insurance.

**WHEREFORE**, the Plaintiff requests that this Honorable Court:

a. Enter judgment in the Plaintiff's favor and against the Defendant for its violations of the FMLA;

b. Award the Plaintiff actual damages suffered, including back pay, front pay, loss of benefits, future pecuniary loss, lost future earnings capacity;

c. Award the Plaintiff liquidated damages based on the Defendant's conduct;

d. Award the Plaintiff prejudgment interest on her damages award;

e. Award the Plaintiff reasonable costs and attorneys' fees;

f. Award the Plaintiff any further relief pursuant to the FMLA; and,

g. Grant the Plaintiff such other and further relief as this Court deems equitable and just.

## COUNT V: DISABILITY DISCRIMINATION (DISPARATE TREATMENT) – ADA



THE SAENZ LAW FIRM PA (WWW.LEGALOPINIONUSA.COM)
20900 NE 30th Avenue, Suite 200-23 Telephone: 305.482.1475
Aventura, Florida 33180 www.Cash4myCase.com

88. The Plaintiff repeats and re-alleges paragraphs 1-36 as if fully stated herein.

89. At all times pertinent hereto, the Defendant has been engaged in an industry affecting commerce and has had 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding year.

90. At all times material, the Defendant was a "person" and an "employer" as defined by 29 U.S.C. § 630.

91. The Plaintiff has complied with all conditions precedent in filing this action, to wit:

a. The Plaintiff timely filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission, Miami District Office;

b. More than 180 days have passed since the filing of the Plaintiff's charge of discrimination; and

c. The Plaintiff is filing this action within 90 days of receiving a Notice of Right to Sue.

92. Any other applicable conditions precedent to bringing this action have occurred, been performed or been excused before the filing of this lawsuit.

93. The Plaintiff was an "employee" of the Defendant as defined by the.



THE SAENZ LAW FIRM PA (WWW.LEGALOPINIONUSA.COM)
20900 NE 30th Avenue, Suite 200-23 Telephone: 305.482.1475
Aventura, Florida 33180 www.Cash4myCase.com

94. The Defendant employs more than 15 employees and was the Plaintiff's employer within the meaning of the ADA, 42 USC § 12111(5).

95. The Plaintiff suffered medical complications associated with her pregnancy, including complications requiring gallbladder surgery, hospitalization, medical restrictions, and modified work duties.

96. The Plaintiff was subject to physical limitations resulting from her medical condition and was required to seek medical treatment and modified work duties.

97. The Plaintiff's condition qualified as a disability or was regarded as a disability by the Defendant, within the meaning of the ADA.

98. The Defendant was aware of the Plaintiff's medical condition, including the specific cause for her condition.

99. At all times during her employment, the Plaintiff was qualified to perform the essential functions of her position with or without reasonable accommodations.

100. The Defendant intentionally engaged in unlawful employment practices and discrimination in violation of the ADA by treating the Plaintiff differently than similarly situated employees in the terms and conditions of her employment.



THE SAENZ LAW FIRM PA (WWW.LEGALOPINIONUSA.COM)
20900 NE 30th Avenue, Suite 200-23 Telephone: 305.482.1475
Aventura, Florida 33180 www.Cash4myCase.com

101. The Defendant terminated the Plaintiff because of her disability and/or because Defendant regarded her as disabled, in violation of the ADA.

102. Plaintiff was disabled in that her medical condition substantially limited one or more major life activities, or Defendant regarded her as having an impairment that substantially limited one or more major life activities.

103. The Defendant knew of Plaintiff's medical condition and physical limitations and nevertheless subjected her to adverse treatment, including assigning her physically demanding work despite her medical limitations, failing to meaningfully accommodate her request for a shift change, assessing attendance points, and ultimately terminating her employment.

104. Upon information and belief, Brianna Perea and Nicole Bravo, who held the same Agent Ramp position as Plaintiff and were similarly situated to her in material respects, were not subjected to the same adverse treatment by Defendant.

105. As a direct and proximate result of the above-described actions of the Defendant, the Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish.

106. Furthermore, as a direct and proximate result of such actions by the Defendant, the Plaintiff has been and will be in the future, deprived of income in

the form of wages and of prospective benefits solely because of the Defendant's conduct.

**WHEREFORE**, the Plaintiff requests that this Honorable Court:

a. Enter judgment in the Plaintiff's favor and against the Defendant for its violations of the ADA;

b. Award the Plaintiff actual damages suffered, including lost wages, loss of fringe benefits and damages;

c. Award the Plaintiff compensatory damages under the ADA for embarrassment, anxiety, humiliation and emotional distress Plaintiff has suffered and continues to suffer;

d. Award the Plaintiff prejudgment interest on her damages award;

e. Award the Plaintiff reasonable costs and attorneys' fees; and

f. Grant the Plaintiff such other and further relief as this Court deems equitable and just.

**COUNT VI: DISABILITY DISCRIMINATION BY ASSOCIATION (DISPARATE TREATMENT) – ADA**

107. The Plaintiff repeats and re-alleges paragraphs 1-36 as if fully stated herein.

108. At all times pertinent hereto, the Defendant has been engaged in an industry affecting commerce and has had 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding year.

109. At all times material, the Defendant was a "person" and an "employer" as defined by 42 U.S.C. § 12111(5).



THE SAENZ LAW FIRM PA (WWW.LEGALOPINIONUSA.COM)
20900 NE 30th Avenue, Suite 200-23 Telephone: 305.482.1475
Aventura, Florida 33180 www.Cash4myCase.com

110. The Plaintiff has complied with all conditions precedent in filing this action, to wit:

a. The Plaintiff timely filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission, Miami District Office;

b. More than 180 days have passed since the filing of the Plaintiff's charge of discrimination; and

c. The Plaintiff is filing this action within 90 days of receiving a Notice of Right to Sue.

111. Any other applicable conditions precedent to bringing this action have occurred, been performed or been excused before the filing of this lawsuit.

112. The Plaintiff was an "employee" of the Defendant as defined by 42 U.S.C. § 12111(4).

113. The Defendant employs more than 15 employees and was the Plaintiff's employer within the meaning of the ADA, 42 U.S.C. § 12111(5).

114. The Plaintiff gave birth to her daughter prematurely on or about August 15, 2025. Following her premature birth, Plaintiff's daughter remained in the Neonatal Intensive Care Unit ("NICU") for approximately four months and required extensive medical care, therapy, and subsequent hospitalizations.

115. The Plaintiff was required to care for and attend to her daughter's serious medical needs, including during periods when her daughter required hospitalization and medical treatment.

116. Plaintiff's daughter had a disability or was regarded by Defendant as having a disability within the meaning of the ADA.

117. The Defendant was aware of Plaintiff's daughter's medical condition and serious medical needs, including her premature birth, prolonged NICU stay, need for therapy, and subsequent hospitalizations.

118. At all times during her employment, the Plaintiff was qualified to perform the essential functions of her position with or without reasonable accommodations.

119. The Defendant intentionally engaged in unlawful employment practices and discrimination in violation of the ADA by treating the Plaintiff differently in the terms and conditions of her employment because of her association with her daughter, who had a disability or was regarded by Defendant as having a disability.

120. The Defendant terminated the Plaintiff because of her association with her daughter and/or because of Plaintiff's need to care for her daughter due to her daughter's disability, in violation of the ADA.



**THE SAENZ LAW FIRM PA (WWW.LEGALOPINIONUSA.COM)**

20900 NE 30th Avenue, Suite 200-23 Telephone: 305.482.1475
Aventura, Florida 33180 www.Cash4myCase.com

121. The Plaintiff's daughter's medical condition substantially limited one or more major life activities, or Defendant regarded her daughter as having an impairment that substantially limited one or more major life activities.

122. The Defendant knew that Plaintiff's daughter required extensive and ongoing medical care and nevertheless subjected Plaintiff to adverse treatment, including assessing attendance points for absences related to her daughter's medical needs and ultimately terminating Plaintiff's employment.

123. Upon information and belief, Brianna Perea and Nicole Bravo, who held the same Agent Ramp position as Plaintiff and were similarly situated to her in material respects, were not subjected to the same adverse treatment by Defendant.

124. As a direct and proximate result of the above-described actions of the Defendant, the Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish.

125. Furthermore, as a direct and proximate result of such actions by the Defendant, the Plaintiff has been and will be in the future, deprived of income in the form of wages and of prospective benefits solely because of the Defendant's conduct.

**WHEREFORE**, the Plaintiff requests that this Honorable Court:

a. Enter judgment in the Plaintiff's favor and against the Defendant for its violations of the ADA;

b. Award the Plaintiff actual damages suffered, including lost wages, loss of fringe benefits and damages;

c. Award the Plaintiff compensatory damages under the ADA for embarrassment, anxiety, humiliation and emotional distress Plaintiff has suffered and continues to suffer;

d. Award the Plaintiff prejudgment interest on her damages award;

e. Award the Plaintiff reasonable costs and attorneys' fees; and

f. Grant the Plaintiff such other and further relief as this Court deems equitable and just.

**COUNT VII: DISABILITY DISCRIMINATION (RETALIATION) – ADA**

126. The Plaintiff repeats and re-alleges paragraphs 1-36 as if fully stated herein.

127. At all times pertinent hereto, the Defendant has been engaged in an industry affecting commerce and has had 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding year.

128. At all times material hereto, the Defendant was a "person" and an "employer" as defined by 29 U.S.C. § 630.

129. The Plaintiff has complied with all conditions precedent in filing this action, to wit:

a. The Plaintiff timely filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission, Miami District Office;

b. More than 180 days have passed since the filing of the Plaintiff's charge of discrimination;

c. The Plaintiff is filing this action within 90 days of receiving a Notice of Right to Sue.

130. Any other applicable conditions precedent to bringing this action have occurred, been performed or been excused before the filing of this lawsuit.

131. The Plaintiff was an "employee" of the Defendant as defined by the ADA.

132. The Defendant employs more than 15 employees and was the Plaintiff's employer within the meaning of the ADA, 42 USC § 12111(5).

133. The Plaintiff informed the Defendant of her medical condition and physical limitations and requested accommodation, including a shift change to the night shift, on or about August 5, 2025.

134. The Defendant subsequently terminated the Plaintiff under the guise of having accumulated too many attendance points.

135. The Defendant's stated actions were motivated by intent to retaliate against the Plaintiff for engaging in protected activity under the ADA, including informing Defendant of her medical limitations and requesting reasonable accommodation.

136. The Defendant violated the ADA or acted with reckless disregard for whether its actions were prohibited.

137. As a direct and proximate result of the intentional violations by the Defendant, the Plaintiff has suffered and will continue to suffer, emotional pain and mental anguish.

138. Furthermore, as a direct and proximate result of such actions by the Defendant, the Plaintiff has been and will be in the future, deprived of income in the form of wages and of prospective benefits solely because of the Defendant's conduct.

**WHEREFORE**, the Plaintiff requests that this Honorable Court:

a. Enter judgment in the Plaintiff's favor and against the Defendant for its violations of the ADA;

b. Award the Plaintiff actual damages suffered, including lost wages, loss of fringe benefits and damages;

c. Award the Plaintiff compensatory damages under the ADA for embarrassment, anxiety, humiliation and emotional distress the Plaintiff has suffered and continues to suffer;

d. Award the Plaintiff liquidated damages based on the Defendant's willful and/or reckless conduct;

e. Award the Plaintiff prejudgment interest on her damages award;

f. Award the Plaintiff reasonable costs and attorneys' fees; and

g. Grant the Plaintiff such other and further relief as this Court deems equitable and just.

## COUNT VIII: DISABILITY DISCRIMINATION (FAILURE TO ACCOMMODATE) – ADA

139. The Plaintiff repeats and re-alleges paragraphs 1-36 as if fully stated herein.

140. At all times pertinent hereto, the Defendant has been engaged in an industry affecting commerce and has had 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding year.

141. At all times material, the Defendant was a "person" and an "employer" as defined by 29 U.S.C. § 630.

142. The Plaintiff has complied with all conditions precedent in filing this action, to wit:

a. The Plaintiff timely filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission, Miami District Office;
b. More than 180 days have passed since the filing of the Plaintiff's charge of discrimination;
c. The Plaintiff is filing this action within 90 days of receiving a Notice of Right to Sue.

143. Any other applicable conditions precedent to bringing this action have occurred, been performed or been excused before the filing of this lawsuit.

144. The Plaintiff was an "employee" of the Defendant as defined by the ADA.

145. The Defendant employs more than 15 employees and was the Plaintiff's employer within the meaning of the ADA, 42 USC § 12111(5).

146. The Plaintiff suffered medical complications associated with her pregnancy, including complications requiring gallbladder surgery, hospitalization, physical limitations, and modified work duties.

147. The Plaintiff was subject to physical limitations resulting from her medical condition and was required to seek medical treatment and modified work duties.

148. The Plaintiff's condition qualified as a disability or was regarded as a disability by the Defendant, within the meaning of the ADA.

149. The Plaintiff requested a reasonable accommodation for her disability, including a request to be transferred to the night shift on or about August 5, 2025, because of her physical limitations and the less physically demanding nature of that shift, as described in the General Allegations section of



THE SAENZ LAW FIRM PA (WWW.LEGALOPINIONUSA.COM)
20900 NE 30th Avenue, Suite 200-23 Telephone: 305.482.1475
Aventura, Florida 33180 www.Cash4myCase.com

this Complaint. Since then, through the end of her employment, Plaintiff continued to request the change in her shift as a reasonable accommodation.

150. The Defendant did not make a good faith effort to assist the Plaintiff in seeking accommodations and failed to meaningfully address her request for a shift change.

151. The Plaintiff could have been reasonably accommodated but for the Defendant's lack of good faith in failing to meaningfully address her accommodation request.

152. The Defendant could have reasonably accommodated the Plaintiff, without any undue hardship to its business, but failed to do so.

153. Instead of reasonably accommodating the Plaintiff in good faith, the Defendant continued to assign Plaintiff physically demanding duties despite her medical limitations and ultimately terminated her employment on or about January 28, 2026.

154. As a direct and proximate result of the above-described actions of the Defendant, the Plaintiff has suffered and will continue to suffer emotional pain and mental anguish.

155. Furthermore, as a direct and proximate result of such actions by the Defendant, the Plaintiff has been and will be in the future, deprived of income in

the form of wages and of prospective benefits solely because of the Defendant's conduct.

**WHEREFORE**, the Plaintiff requests that this Honorable Court:

a. Enter judgment in the Plaintiff's favor and against the Defendant for its violations of the ADA;

b. Award the Plaintiff actual damages suffered, including lost wages, loss of fringe benefits and damages;

c. Award the Plaintiff compensatory damages under the ADA for embarrassment, anxiety, humiliation and emotional distress Plaintiff has suffered and continues to suffer;

d. Award the Plaintiff prejudgment interest on her damages award;

e. Award the Plaintiff reasonable costs and attorneys' fees; and

f. Grant the Plaintiff such other and further relief as this Court deems equitable and just.

## COUNT IX: DISABILITY DISCRIMINATION (DISPARATE TREATMENT) – FCRA

156. The Plaintiff re-states and re-alleges paragraphs 1 through 36 as if set forth in full herein.

157. At all times pertinent hereto, the Defendant has been engaged in an industry affecting commerce and has had 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding year.

158. At all times material hereto, Plaintiff was an "aggrieved person" as defined by the FCRA, Fla. Stat. § 760.02(10).



THE SAENZ LAW FIRM PA (WWW.LEGALOPINIONUSA.COM)
20900 NE 30th Avenue, Suite 200-23 Telephone: 305.482.1475
Aventura, Florida 33180 www.Cash4myCase.com

159. At all times material, the Defendant was a "person" and an "employer" as defined by Fla. Stat. § 760.02.

160. The Plaintiff has complied with all conditions precedent in filing this action, to wit:

a. The Plaintiff timely filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission, Miami District Office;
b. More than 180 days have passed since the filing of the Plaintiff's charge of discrimination; and
c. The Plaintiff is filing this action within 90 days of receiving a Notice of Right to Sue.

161. Any other applicable conditions precedent to bringing this action have occurred, been performed or been excused before the filing of this lawsuit.

162. At all times material hereto, the Defendant failed to comply with the Florida Civil Rights Act of 1992, Fla. Stat. § 760.10 *et seq.*, which states, in part, that it is an unlawful employment practice for an employer "[t]o discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, national origin, age, handicap, or marital status."



**THE SAENZ LAW FIRM PA (WWW.LEGALOPINIONUSA.COM)**

20900 NE 30th Avenue, Suite 200-23 Telephone: 305.482.1475
Aventura, Florida 33180 www.Cash4myCase.com

163. The Plaintiff is a member of a protected class based on her disability or perceived disability.

164. During the course of the Plaintiff's employment with the Defendant, the Plaintiff was subjected to discriminatory treatment because of her disability and/or perceived disability, as more fully described in the complaint.

165. The discriminatory conduct referred to in this complaint was offensive to the Plaintiff and constituted adverse treatment in the terms and conditions of her employment.

166. The Plaintiff was subjected to the conduct referred to in this Complaint because of her disability and/or because the Defendant regarded her as disabled.

167. Similarly situated employees, including Brianna Perea and Nicole Bravo, who held the same Agent Ramp position as Plaintiff and were not disabled or regarded as disabled, were not subjected to the same discriminatory treatment and adverse employment actions as Plaintiff.

168. During the course of the Plaintiff's employment with the Defendant, the Plaintiff was subjected to discriminatory treatment because of her disability and/or perceived disability, including being assigned physically demanding duties despite her medical limitations, failing to meaningfully accommodate her

request for a shift change, assessing attendance points, and ultimately terminating her employment.

169. The Plaintiff was and is qualified for her position while working for the Defendant.

170. The Defendant violated the Florida Civil Rights Act by discriminating against the Plaintiff because of her disability and/or perceived disability in the terms, conditions, and privileges of her employment.

171. As a direct and proximate result of the Defendant's intentional conduct, the Plaintiff has suffered, is now suffering and will continue to suffer emotional distress, humiliation, embarrassment and economic losses.

172. Any alleged nondiscriminatory reason for this treatment of the Plaintiff by the Defendant is a mere pretext for the actual reason for discriminating against her based on her disability and/or perceived disability.

173. The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights pursuant to Fla. Stat. § 760.10.

174. The aforementioned actions of the Defendant were done wantonly, willfully, maliciously and with reckless disregard of the consequences of such actions

**WHEREFORE**, the Plaintiff requests that this Honorable Court:

a. Declare that the acts complained of herein are in violation of the Florida Civil Rights Act;

b. Award the Plaintiff compensatory damages for emotional distress, embarrassment and humiliation;

c. Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of disability and/or perceived disability;

d. Order the Defendant to make the Plaintiff whole, by compensating him for lost wages, benefits, including front pay, back pay with prejudgment interest;

e. Award a monetary judgment representing prejudgment interest;

f. Award any other compensation allowed by law including punitive damages and attorneys' fees (448.104);

g. Award the Plaintiff costs of this action, including reasonable attorneys' fees;

h. Grant such other and further relief as the Court deems just and proper.

**COUNT X: DISABILITY DISCRIMINATION (RETALIATION) – FCRA**

175. The Plaintiff re-states and re-alleges paragraphs 1 through 36 as if set forth in full herein.

176. At all times pertinent hereto, the Defendant has been engaged in an industry affecting commerce and has had 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding year.

177. At all times material hereto, the Plaintiff was an "aggrieved person" as defined by the FCRA, Fla. Stat. § 760.02(10).

178. At all times material, the Defendant was a "person" and an "employer" as defined by Fla. Stat. § 760.02.

179. The Plaintiff has complied with all conditions precedent in filing this action, to wit:

a. The Plaintiff timely filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission, Miami District Office;

b. More than 180 days have passed since the filing of the Plaintiff's charge of discrimination; and

c. The Plaintiff is filing this action within 90 days of receiving a Notice of Right to Sue Notice.

180. Any other applicable conditions precedent to bringing this action have occurred, been performed or been excused before the filing of this lawsuit.

181. At all times material hereto, the Defendant failed to comply with the Florida Civil Rights Act of 1992, Fla. Stat. § 760.10 *et seq*., which states, in part, that it is an unlawful employment practice for an employer "to discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, national origin, age, handicap, or marital status."



THE SAENZ LAW FIRM PA (WWW.LEGALOPINIONUSA.COM)
20900 NE 30th Avenue, Suite 200-23 Telephone: 305.482.1475
Aventura, Florida 33180 www.Cash4myCase.com

182. The Plaintiff is a member of a protected class based on her disability and/or perceived disability.

183. During the course of the Plaintiff's employment with the Defendant, the Plaintiff engaged in protected activity by informing Defendant of her medical condition and limitations and requesting reasonable accommodation for her disability and/or perceived disability.

184. Plaintiff's requests for reasonable accommodation and communications regarding her medical limitations constituted protected activity under the FCRA.

185. The discriminatory conduct referred to in this Complaint is and was offensive to the Plaintiff and would be offensive to a reasonable person.

186. The Plaintiff was subjected to the conduct referred to in this Complaint because she engaged in protected activity by requesting accommodation and communicating her medical limitations to Defendant. Specifically, Plaintiff requested to be placed on a less physically demanding shift due to her medical limitations, but Defendant failed to meaningfully address or accommodate her request and subsequently terminated her employment.

187. The Plaintiff was and is qualified for her position while working for the Defendant.

188. The Defendant violated the Florida Civil Rights Act by retaliating against the Plaintiff because of her protected activity in requesting reasonable accommodation and asserting rights related to her disability and/or perceived disability.

189. As a direct and proximate result of the Defendant's intentional conduct, the Plaintiff has suffered, is now suffering and will continue to suffer emotional distress, humiliation, embarrassment and economic losses.

190. The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights pursuant to Fla. Stat. § 760.10.

191. The aforementioned actions of the Defendant were done wantonly, willfully, maliciously and with reckless disregard of the consequences of such actions.

**WHEREFORE**, the Plaintiff requests that this Honorable Court:

a. Declare that the acts complained of herein are in violation of the Florida Civil Rights Act;

b. Award the Plaintiff compensatory damages for emotional distress, embarrassment and humiliation;

c. Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of disability and/or perceived disability.



THE SAENZ LAW FIRM PA (WWW.LEGALOPINIONUSA.COM)
20900 NE 30th Avenue, Suite 200-23 Telephone: 305.482.1475
Aventura, Florida 33180 www.Cash4myCase.com

d. Order the Defendant to make the Plaintiff whole, by compensating her for lost wages, benefits, including front pay, back pay with prejudgment interest;

e. Award a monetary judgment representing prejudgment interest;

f. Award any other compensation allowed by law including punitive damages and attorney's fees (448.104);

g. Award the Plaintiff costs of this action, including reasonable attorneys' fees;

h. Grant such other and further relief, as the Court deems just and proper.

**COUNT XI: DISABILITY DISCRIMINATION (FAILURE TO ACCOMMODATE) – FCRA**

192. The Plaintiff re-states and re-alleges paragraphs 1 through 36 as if set forth in full herein.

193. At all times pertinent hereto, the Defendant has been engaged in an industry affecting commerce and has had 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding year.

194. At all times material, the Defendant was a "person" and an "employer" as defined by Fla. Stat. § 760.02.

195. The Plaintiff has complied with all conditions precedent in filing this action, to wit:



THE SAENZ LAW FIRM PA (WWW.LEGALOPINIONUSA.COM)
20900 NE 30th Avenue, Suite 200-23 Telephone: 305.482.1475
Aventura, Florida 33180 www.Cash4myCase.com

a. The Plaintiff timely filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission, Miami District Office;

b. More than 180 days have passed since the filing of the Plaintiff's charge of discrimination; and

c. The Plaintiff is filing this action within 90 days of receiving a Notice of Right to Sue.

196. Any other applicable conditions precedent to bringing this action have occurred, been performed or been excused before the filing of this lawsuit.

197. The Plaintiff was an "employee" of the Defendant within the meaning of the Florida Civil Rights Act.

198. The Defendant employs more than 15 employees and was the Plaintiff's employer within the meaning of the Florida Civil Rights Act, Fla. Stat. § 760.10 et seq.

199. The Plaintiff suffered medical complications associated with her pregnancy, including complications requiring gallbladder surgery, hospitalization, physical limitations, and modified work duties.

200. The Plaintiff was subject to physical limitations resulting from her medical condition and was required to seek medical treatment and modified work duties.

201. The Plaintiff's condition qualified as a disability or was regarded as a disability by the Defendant, within the meaning of the Florida Civil Rights Act.

202. The Plaintiff requested a reasonable accommodation for her disability, including a request to be transferred to the night shift on or about August 5, 2025, because of her physical limitations and the less physically demanding nature of that shift, as described in the General Allegations section of this Complaint. Plaintiff continued to request the change in shifts throughout her employment, but was always denied.

203. The Defendant did not make a good faith effort to assist the Plaintiff in seeking accommodations and failed to meaningfully address her request for a shift change.

204. The Plaintiff could have been reasonably accommodated but for the Defendant's lack of good faith in failing to meaningfully address her accommodation request.

205. The Defendant could have reasonably accommodated the Plaintiff, without any undue hardship to its business, but failed to do so.

206. Instead of reasonably accommodating the Plaintiff in good faith, the Defendant continued to assign Plaintiff physically demanding duties despite her

medical limitations and ultimately terminated her employment on or about January 28, 2026.

207. As a direct and proximate result of the above-described actions of the Defendant, the Plaintiff has suffered and will continue to suffer emotional pain and mental anguish.

208. Furthermore, as a direct and proximate result of such actions by the Defendant, the Plaintiff has been and will be in the future, deprived of income in the form of wages and of prospective benefits solely because of the Defendant's conduct.

**WHEREFORE**, the Plaintiff requests that this Honorable Court:

a. Enter judgment in the Plaintiff's favor and against the Defendant for its violations of the Florida Civil Rights Act;

b. Award the Plaintiff actual damages suffered, including lost wages, loss of fringe benefits and damages;

c. Award the Plaintiff compensatory damages under the Florida Civil Rights Act for embarrassment, anxiety, humiliation and emotional distress Plaintiff has suffered and continues to suffer;

d. Award the Plaintiff prejudgment interest on her damages award;

e. Award the Plaintiff reasonable costs and attorneys' fees pursuant to Fla. Stat. § 760.11; and

f. Grant the Plaintiff such other and further relief as this Court deems equitable and just.

**COUNT XII: PREGNANCY DISCRIMINATION (DISPARATE TREATMENT) – FCRA**

209. The Plaintiff re-states and re-alleges paragraphs 1 through 36 as if set forth in full herein.

210. At all times pertinent hereto, the Defendant has been engaged in an industry affecting commerce and has had 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding year.

211. At all times material hereto, Plaintiff was an "aggrieved person" as defined by the FCRA, Fla. Stat. § 760.02(10).

212. At all times material, the Defendant was a "person" and an "employer" as defined by Fla. Stat. § 760.02.

213. The Plaintiff has complied with all conditions precedent in filing this action, to wit:

a. The Plaintiff timely filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission, Miami District Office;
b. More than 180 days have passed since the filing of the Plaintiff's charge of discrimination; and
c. The Plaintiff is filing this action within 90 days of receiving a Notice of Right to Sue.

214. Any other applicable conditions precedent to bringing this action have occurred, been performed or been excused before the filing of this lawsuit.

215. At all times material hereto, the Defendant failed to comply with the Florida Civil Rights Act of 1992, Fla. Stat. § 760.10 *et seq.*, which states, in part, that it is an unlawful employment practice for an employer "[t]o discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, national origin, age, handicap, or marital status."

216. The Plaintiff is a member of a protected class based on her pregnancy.

217. During the course of the Plaintiff's employment with the Defendant, the Plaintiff was subjected to discriminatory treatment because of her pregnancy, as more fully described in the General Allegations of this Complaint.

218. The discriminatory conduct referred to in the General Allegations of this Complaint was offensive to the Plaintiff and constituted adverse treatment in the terms and conditions of her employment.

219. The Plaintiff was subjected to the conduct referred to in this Complaint because she was pregnant and/or because of pregnancy-related medical conditions and limitations.

220. Similarly situated employees who were not pregnant were not subjected to the same discriminatory treatment and adverse employment actions as Plaintiff.

221. During the course of the Plaintiff's employment with the Defendant, the Plaintiff was subjected to discriminatory treatment because of her pregnancy, including being assigned physically demanding duties despite her pregnancy-related medical limitations, being assessed attendance points for pregnancy-related absences and medical circumstances, and ultimately being terminated from employment.

222. The Plaintiff was and is qualified for her position while working for the Defendant.

223. The Defendant violated the Florida Civil Rights Act by discriminating against the Plaintiff because of her pregnancy in the terms, conditions, and privileges of her employment.

224. As a direct and proximate result of the Defendant's intentional conduct, the Plaintiff has suffered, is now suffering and will continue to suffer emotional distress, humiliation, embarrassment and economic losses.



THE SAENZ LAW FIRM PA (WWW.LEGALOPINIONUSA.COM)
20900 NE 30th Avenue, Suite 200-23 Telephone: 305.482.1475
Aventura, Florida 33180 www.Cash4myCase.com

225. Any alleged nondiscriminatory reason for this treatment of the Plaintiff by the Defendant is a mere pretext for the actual reason for discriminating against her based on her pregnancy.

226. The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights pursuant to Fla. Stat. § 760.10.

227. The aforementioned actions of the Defendant were done wantonly, willfully, maliciously and with reckless disregard of the consequences of such actions.

**WHEREFORE**, the Plaintiff requests that this Honorable Court:

a. Declare that the acts complained of herein are in violation of the Florida Civil Rights Act;

b. Award the Plaintiff compensatory damages for emotional distress, embarrassment and humiliation;

c. Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of pregnancy;

d. Order the Defendant to make the Plaintiff whole, by compensating her for lost wages, benefits, including front pay, back pay with prejudgment interest;

e. Award a monetary judgment representing prejudgment interest;

f. Award any other compensation allowed by law including punitive damages and attorneys' fees pursuant to Fla. Stat. § 760.11;

g. Award the Plaintiff costs of this action, including reasonable attorneys' fees;



THE SAENZ LAW FIRM PA (WWW.LEGALOPINIONUSA.COM)

20900 NE 30th Avenue, Suite 200-23 Telephone: 305.482.1475
Aventura, Florida 33180 www.Cash4myCase.com

h. Grant such other and further relief as the Court deems just and proper.

**COUNT XIII: PREGNANCY DISCRIMINATION (RETALIATION) – FCRA**

228. The Plaintiff re-states and re-alleges paragraphs 1 through 36 as if set forth in full herein.

229. At all times pertinent hereto, the Defendant has been engaged in an industry affecting commerce and has had 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding year.

230. At all times material hereto, the Plaintiff was an "aggrieved person" as defined by the FCRA, Fla. Stat. § 760.02(10).

231. At all times material, the Defendant was a "person" and an "employer" as defined by Fla. Stat. § 760.02.

232. The Plaintiff has complied with all conditions precedent in filing this action, to wit:

a. The Plaintiff timely filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission, Miami District Office;
b. More than 180 days have passed since the filing of the Plaintiff's charge of discrimination; and
c. The Plaintiff is filing this action within 90 days of receiving a Notice of Right to Sue Notice.

233. Any other applicable conditions precedent to bringing this action have occurred, been performed or been excused before the filing of this lawsuit.

234. At all times material hereto, the Defendant failed to comply with the Florida Civil Rights Act of 1992, Fla. Stat. § 760.10 *et seq*., which states, in part, that it is an unlawful employment practice for an employer "to discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, national origin, age, handicap, or marital status."

235. The Plaintiff is a member of a protected class based on her pregnancy.

236. During the course of the Plaintiff's employment with the Defendant, the Plaintiff engaged in protected activity by informing Defendant of her pregnancy and pregnancy-related medical conditions and requesting accommodation and/or leave related to her pregnancy and related medical needs.

237. Plaintiff's communications regarding her pregnancy, pregnancy-related medical conditions, medical limitations, and requests for accommodation and/or leave constituted protected activity.

238. The discriminatory conduct referred to in this Complaint is and was offensive to the Plaintiff and would be offensive to a reasonable person.



THE SAENZ LAW FIRM PA (WWW.LEGALOPINIONUSA.COM)

20900 NE 30th Avenue, Suite 200-23 Telephone: 305.482.1475
Aventura, Florida 33180 www.Cash4myCase.com

239. The Plaintiff was subjected to the conduct referred to in this Complaint because she engaged in protected activity related to her pregnancy. Specifically, Plaintiff informed Defendant of her pregnancy and pregnancy-related medical conditions, requested accommodation for her medical limitations, and requested and/or took leave related to her pregnancy, childbirth, postpartum recovery, and her daughter's medical needs, after which Defendant subjected her to adverse employment actions and ultimately terminated her employment.

240. The Plaintiff was and is qualified for her position while working for the Defendant.

241. The Defendant violated the Florida Civil Rights Act by retaliating against the Plaintiff because of her protected activity related to her pregnancy, including informing Defendant of her pregnancy and pregnancy-related medical conditions and requesting accommodation and/or leave.

242. As a direct and proximate result of the Defendant's intentional conduct, the Plaintiff has suffered, is now suffering and will continue to suffer emotional distress, humiliation, embarrassment and economic losses.

243. The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights pursuant to Fla. Stat. § 760.10.



THE SAENZ LAW FIRM PA (WWW.LEGALOPINIONUSA.COM)

20900 NE 30th Avenue, Suite 200-23 Telephone: 305.482.1475
Aventura, Florida 33180 www.Cash4myCase.com

244. The aforementioned actions of the Defendant were done wantonly, willfully, maliciously and with reckless disregard of the consequences of such actions.

**WHEREFORE**, the Plaintiff requests that this Honorable Court:

a. Declare that the acts complained of herein are in violation of the Florida Civil Rights Act;

b. Award the Plaintiff compensatory damages for emotional distress, embarrassment and humiliation;

c. Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of pregnancy or retaliates against an employee for engaging in protected activity related to pregnancy.

d. Order the Defendant to make the Plaintiff whole, by compensating her for lost wages, benefits, including front pay, back pay with prejudgment interest;

e. Award a monetary judgment representing prejudgment interest;

f. Award any other compensation allowed by law including punitive damages and attorney's fees pursuant to Fla. Stat. § 760.11;

g. Award the Plaintiff costs of this action, including reasonable attorneys' fees;

h. Grant such other and further relief, as the Court deems just and proper.

**COUNT XIV: PREGNANCY DISCRIMINATION (FAILURE TO ACCOMMODATE) – FCRA**

245. The Plaintiff re-states and re-alleges paragraphs 1 through 36 as if set forth in full herein.



**THE SAENZ LAW FIRM PA (WWW.LEGALOPINIONUSA.COM)**

20900 NE 30th Avenue, Suite 200-23 Telephone: 305.482.1475
Aventura, Florida 33180 www.Cash4myCase.com

246. At all times pertinent hereto, the Defendant has been engaged in an industry affecting commerce and has had 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding year.

247. At all times material, the Defendant was a "person" and an "employer" as defined by Fla. Stat. § 760.02.

248. The Plaintiff has complied with all conditions precedent in filing this action, to wit:

a. The Plaintiff timely filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission, Miami District Office;

b. More than 180 days have passed since the filing of the Plaintiff's charge of discrimination; and

c. The Plaintiff is filing this action within 90 days of receiving a Notice of Right to Sue.

249. Any other applicable conditions precedent to bringing this action have occurred, been performed or been excused before the filing of this lawsuit.

250. The Plaintiff was an "employee" of the Defendant within the meaning of the Florida Civil Rights Act.

251. The Defendant employs more than 15 employees and was the Plaintiff's employer within the meaning of the Florida Civil Rights Act, Fla. Stat. § 760.10 et seq.

252. The Plaintiff was pregnant during the relevant period of her employment with the Defendant and experienced pregnancy-related medical complications and physical limitations that affected her ability to perform certain physically demanding duties.

253. The Plaintiff informed the Defendant of her pregnancy and pregnancy-related medical limitations and was required to seek medical treatment and modified work duties.

254. The Plaintiff requested a reasonable accommodation related to her pregnancy and pregnancy-related medical limitations, including a request to be transferred to the night shift on or about August 5, 2025, because of her physical limitations and the less physically demanding nature of that shift, as described in the General Allegations section of this Complaint. Plaintiff continued to request a change in her shift as an accommodation throughout her employment, but she was always ignored.

255. The Defendant failed to meaningfully address the Plaintiff's request for an accommodation related to her pregnancy and pregnancy-related medical limitations.

256. The Defendant did not make a good faith effort to assist the Plaintiff in obtaining a reasonable accommodation and instead continued to assign Plaintiff physically demanding duties despite being aware of her pregnancy-related medical limitations.

257. The Plaintiff could have been reasonably accommodated through a less physically demanding work assignment or transfer to the requested shift, but the Defendant failed to provide such accommodation.

258. The Defendant could have reasonably accommodated the Plaintiff without any undue hardship to its business, but failed to do so.

259. Instead of reasonably accommodating the Plaintiff's pregnancy-related limitations, the Defendant continued to subject her to adverse treatment, including assigning her physically demanding duties, assessing attendance points, and ultimately terminating her employment on or about January 28, 2026.

260. As a direct and proximate result of the above-described actions of the Defendant, the Plaintiff has suffered and will continue to suffer emotional pain and mental anguish.

261. Furthermore, as a direct and proximate result of such actions by the Defendant, the Plaintiff has been and will be in the future, deprived of income in the form of wages and of prospective benefits solely because of the Defendant's conduct.

**WHEREFORE**, the Plaintiff requests that this Honorable Court:

a. Enter judgment in the Plaintiff's favor and against the Defendant for its violations of the Florida Civil Rights Act;

b. Award the Plaintiff actual damages suffered, including lost wages, loss of fringe benefits and damages;

c. Award the Plaintiff compensatory damages under the Florida Civil Rights Act for embarrassment, anxiety, humiliation and emotional distress Plaintiff has suffered and continues to suffer;

d. Award the Plaintiff prejudgment interest on her damages award;

e. Award the Plaintiff reasonable costs and attorneys' fees pursuant to Fla. Stat. § 760.11; and

f. Grant the Plaintiff such other and further relief as this Court deems equitable and just.

## JURY TRIAL DEMAND

The Plaintiff demands trial by jury of all issues so triable as of right.

Dated: November 18, 2026.

Respectfully submitted,

By: **/s/ R. Martin Saenz**
Ruben Martin Saenz, Esquire
Fla. Bar No.: 0640166
Email: martin@legalopinionusa.com

THE SAENZ LAW FIRM, P.A.
20900 NE 30th Avenue, Ste. 200-23
Aventura, Florida 33180
Telephone: (305) 482-1475
*Trial Counsel for Plaintiff*